UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-62630-Civ-WILLIAMS/Turnoff

MALIBU MEDIA, LLC,

    Plaintiff,

vs.

JOHN DOE subscriber assigned
IP address 98.211.178.132,

    Defendant,
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to Rule 26(f) Conference. (ECF No. 4). This matter was referred to the undersigned by the Honorable Kathleen M. Williams, United States District Judge for the Southern District of Florida. (ECF No. 7). The Court has reviewed the motion, the applicable law, and is otherwise duly advised in the premises.

Pursuant to a Complaint filed on December 4, 2013, Plaintiff sued an unidentified Defendant who has been named "John Doe." (ECF No. 1). Plaintiff alleged that, without its authorization, Defendant used peer-to-peer file sharing software to gain access to the BitTorrent file distribution network to download to his/her computer digital files containing adult pornographic content to which Plaintiff holds the copyright. Plaintiff alleged further that, through its investigation, it has identified

the Internet Protocol ("IP") address assigned to the alleged infringer's computer.[1] Further, Plaintiff has determined that, at the time of the infringing activity, Defendant received Internet services from Comcast Cable, its Internet Service Provider ("ISP").

In the instant motion, Plaintiff claims that the only way it can identify the currently unknown Defendant is by issuing a non-party subpoena, pursuant to Fed. R. Civ. P. 45, to the ISP, Comcast Cable, directing it to provide subscriber information about Defendant John Doe. (ECF No. 5).

Rule 26(b) permits a court to grant discovery of any relevant matter for good cause, including discovery prior to the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). Indeed, federal courts have frequently permitted the issuance of Rule 45 subpoenas in peer-to-peer copyright cases, such as this one. See, e.g., Bubble Gum Productions, LLC v. Does 1–80, No. 12-cv-20367-PAS, 2012 WL 2953309, at * 2 (S.D. Fla. July 19, 2012); Boy Racer, Inc. v. John Does 1–34, No. 11-cv-23035-DLG, 2012 WL 1535703, at * 2 (S.D. Fla. May 1, 2012); K–Beech, Inc. v. Does 1–57, 11-cv-358-FtM–36SPC, 2011 WL 5597303, at * 2 (M.D. Fla. Nov. 1, 2011), report and recommendation adopted by, 11-cv-00358–FtM–36SPC, 2011 WL 5597293 (M.D. Fla. Nov. 17, 2011).

Here, Plaintiff has alleged that it is the owner of the copyrights in question, that Defendant wrongfully copied the constituent elements thereof, and that the only way to identify the alleged infringer is to obtain the subscriber information associated with the IP address from the ISP. Because the case cannot proceed without the identity of Defendant, the Court finds good cause to permit the requested discovery. See UMG Recording, Inc. v. Doe, No. 08-1193 SBA, 2008 WL 4104214, at * 4 (N.D. Cal. Sept. 3, 2008); Arista Records LLC v. Does 1-19, 551 F.Supp.2d 1, 6-7 (D.D.C. 2008);

---

[1] Plaintiff's investigator, Tobias Fieser, filed an Affidavit indicating that he was retained by Plaintiff "to monitor the BitTorrent file distribution network in order to identify IP addresses that are being used to distribute Plaintiff's copyrighted works without authorization." (ECF No. 5-5) at ¶ 7.

Malibu Media, LLC v. John Doe, No. 13-61022-CIV-DIMITROULEAS/Snow, at D.E. 10 (S.D. Fla. May 14, 2013) (collecting cases). While recognizing that the subscriber is not necessarily the infringer, there appears to be no other means for Plaintiff to proceed. See In re Bitttorrent Adult Film Copyright Infringement Cases, Nos. 11-3995(DRH)(GRB), 1201147(JS)(GRB), 1201150(LDW)(GRB), 12-1154(ADS)(GRB), 2012 WL 1570765, at * 5 (E.D.N.Y. Jul. 24, 2012).

However, in order to protect against the likelihood that an innocent defendant may be publicly identified as an alleged illegal downloader of pornography, the Court will institute certain procedural safeguards that will serve to protect the identity of the John Doe defendant in the event that he/she is not the person who committed the infringing acts using the internet connection associated with the IP address identified in this case. See Malibu Media LLC v. John Doe, No. 13-CV-857-T-35TGW, 2013 WL 1620366, at *1 (M.D. Fla. Apr. 15, 2013).

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to Rule 26(f) Conference (ECF No. 4) is **GRANTED**.

2. The Court finds that Plaintiff has established good cause for it to issue a third-party subpoena on Comcast Cable, ISP identified in the Complaint, as it is the only way in which Plaintiff can identify Defendant John Doe and proceed with the case.

3. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name, address, telephone number and email address of the individual or entity to whom the ISP assigned the IP address set forth in the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order;

4. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any

service provider that is identified in response to a subpoena as a provider of Internet services to one of the Defendants.

5. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

If so, it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

The ISP may do so by sending a copy of this Order to the Defendant.

6. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights, as set forth in the Complaint.

7. The subpoenaed ISP shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISP require Plaintiff to pay a fee for an IP address not controlled by the ISP. If necessary, the Court shall resolve any disputes between the ISP and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

8. Given the sensitive nature of this case and the potential for embarrassment to Defendant, the Court hereby enters a protective order permitting John Doe to proceed anonymously

in this case, and directing that John Doe not be publicly identified by his/her name or other identifying information, as the Defendant in this case, until further order of the Court. See Fed. R. Civ. P. 26(c) (permitting a court to enter a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). Plaintiff and ISP are prohibited form publicly disclosing John Doe's personal identifying information, other than as provided in the subpoena, absent further order of the Court.

9. Upon receipt of Plaintiff's subpoena, the ISP shall provide John Doe with a copy of the Complaint and this Order, and inform him/her that he/she may move to quash the subpoena, or otherwise contest having his/her identifying information released to Plaintiff, within thirty (30) days of being served with the subpoena by the ISP. If John Doe does not contest the subpoena, at the conclusion of that period, Comcast Cable will provide Plaintiff with the information sought by the subpoena.

10. If John Doe does move to quash the subpoena or otherwise asks the Court to order Comcast Cable to not release his/her identifying information to Plaintiff, John Doe must notify the ISP of this fact, so that the ISP knows to not release John Doe's information to Plaintiff until the court rules on John Doe's motion.

**DONE AND ORDERED** in Chambers, at Miami, Florida, on this ___ day of December 2013.

**WILLIAM C. TURNOFF**
**United States Magistrate Judge**

cc: Hon. Marcia G. Cooke
All counsel of record